FILED
RICHARD W. NAGEL
CLERK OF COURT
2/4/21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: SEARCH WARRANT FOR INFORMATION ASSOCIATED WITH THE GOOGLE ACCOUNT ASSOCIATED WITH HITCHINGSW@GMAIL.COM | Case No. 3:21-mj-43<br><br>Filed Under Seal |

## APPLICATION FOR ORDER COMMANDING GOOGLE LLC NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

The United States requests that the Court order Google LLC not to notify any person (including the subscribers and customers of the account(s) listed in the search warrant) of the existence of the attached search warrant for a period of one year.

Google LLC is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached search warrant, which requires Google LLC to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, search warrant, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, search warrant, or court order." *Id.*

In this case, such an order would be appropriate because the attached search warrant relates to an ongoing criminal investigation that is not public, and its disclosure may alert the targets to accounts under investigation. The investigation also relates to the possible sexual exploitation of minor children, and alerting the targets may put the children in danger. Accordingly, there is reason to believe that notification of the existence of the attached search warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of a minor child. *See* 18

U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the search warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Google LLC not to disclose the existence or content of the attached search warrant for a period of one year, except that Google LLC may disclose the attached search warrant to an attorney for Google LLC for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on February 4, 2021.

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney

s/Christina Mahy
CHRISTINA MAHY (0092671)
Assistant United States Attorney
Attorney for Plaintiff
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564
E-mail: christina.mahy@usdoj.gov